## SUPREME COURT.

THE PEOPLE *ex rel.* THOMAS MCMANUS agt. HUBERT O. THOMPSON, commissioner of public works, and JOSEPH BLUMENTHAL, superintendent of incumbrances.

*New York (city of) — Public uses to which streets may be properly devoted — Erection of poles for electric lights.*

The placing of poles necessary for the purpose of bearing the wires which transmit the electricity to the electric lamps for lighting the streets, is among the public uses to which a street may properly be devoted.

*New York Chambers, August,* 1883.

MOTION for a peremptory writ of *mandamus*, commanding the defendants to forthwith remove a certain pole, erected by the United States Illuminating Company upon the sidewalk in front of property of the relator, No. 1303 Third avenue, city of New York.

*Ecclesine & Tomlinson,* for relators.

*Butler, Stillman & Hubbard,* for respondent.

HAIGHT, *J.* — The United States Illuminating Company is a corporation organized under an act of the legislature passed February 16, 1848, entitled "An act to authorize the formation of gas-light companies," and the several acts amendatory thereof, and is engaged in the business of lighting by electricity the streets, avenues, public parks and places, and public and private buildings, in the city of New York. As such corporation it has a contract with the city to furnish light for certain streets and public places by means of electricity. Chapter 512 of the Laws of 1879 provides, " any such company shall have full power to carry on the business of lighting by electricity cities, towns and villages within this state, and

the streets, avenues, public parks and places thereof, and public and private dwellings therein, and for the purposes of such business to generate and supply electricity, and to make, sell or lease all machines, instruments apparatus or other equipments necessary therefor; and shall also have power to lay, erect and construct suitable wires or other conductors, with the necessary poles, pipes or other fixtures, in, on, over and under the streets, avenues and public parks and places of such cities, towns or villages, and for conducting and distributing electricity, with the consent of the municipal authority thereof, and under such reasonable regulations as they may prescribe."

On the 3d day of May, 1881, the board of alderman of the city passed the following ordinance:

"*Resolved*, That the United States Illuminating Company of New York is hereby authorized and empowered to lay tubes, wires, conductors and insulators, and to erect lamp posts in the streets, avenues, parks and public places in this city, for the purpose of conveying, using and supplying electricity or electrical currents for purposes of illumination. All excavations in streets, removals and replacements of pavement or sidewalks to be done under and according to the directions of the commissioner of public works, and under such further conditions as to security against damage to sewers, water pipes, gas pipes or other pipes, as may be prescribed by his honor the mayor, the comptroller and the commissioner of public works, who are now by law authorized to make provisions for lighting the streets of the city; whenever, at any time, any permit shall be granted to open the streets, pavements or sidewalks, for the purpose of laying the tubes, wires, conductors and insulators of the company, a sum equal to one cent per lineal foot of streets occupied under such permit shall be paid to the city. Nothing herein contained shall be deemed to authorize the laying of the mains or pipes for conveying gas, nor the erection of any lamps or lamp posts to be used for illuminating by gas."

Pursuant to the foregoing ordinance the department of pub-

lic works on the 29th of March, 1882, gave permission to the United States Illuminating Company to erect poles and place wires thereon in accordance with the foregoing ordinance in Third avenue, from Bowery to Harlem river; particularly specifying the size and kinds of poles to be used, the places at which they should be placed, and so forth.

On the 19th of December, 1882, the board of aldermen passed the following ordinance:

"*Resolved*, That the commissioner of the department of public works be and he hereby is directed to notify the United States Illuminating Company that the poles erected by it in the various streets and avenues of the city must in all cases be painted in accordance with established regulations, and also that all poles to be hereafter erected in this city by said company shall be painted before placed in position, in order that they may not present an unsightly appearance."

At the time of the adoption of this last resolution the United States Illuminating Company had already erected and had in use upwards of 1,200 poles.

It is contended, in the first place, that the statute referred to is unconstitutional and void, in so far as it authorizes erection of poles in the public streets of the city without providing compensation to abutting owners. The case of *Story* agt. *New York Elevated Railroad Company* (90 *N. Y.*, 145) is relied upon to sustain this claim. In this view I am unable to concur. When the streets were taken for public use, they were taken for all of the purposes to which they may properly be devoted, and compensation was then awarded to the owner. The chief use to which the streets are devoted is the right of the public to freely travel over and upon the same. But this is not the only use. The right of constructing sewers, of laying gas and water pipes, &c., have long been recognized as uses to which the streets may properly be devoted. In crowded cities, light is necessary in the streets in order to aid the public to pass safely along the public way. The erection of lamp posts, therefore, in the street is one of the uses to which it

may properly be devoted. The lamp posts, however, would be useless unless they were supplied with light. For years gas has been chiefly used, and has been supplied by means of pipes laid under ground. Recently, lighting by electricity has come into use. Electricity has to be communicated to the lamps by means of wires. The usual mode in use of sustaining the wires is to affix them to poles, and it appears to me that the planting of necessary poles for the purpose of bearing the wires that transmit the electricity to the lamps is among the public uses to which the street may properly be devoted.

It is contended, in the second place, that the board of alder-men of the city has never given its consent to the erection of poles. The resolution of May three does not in express terms give such consent; it authorizes the laying of tubes, wires, conductors and insulators, and the erection of lamp posts in the streets, &c. I am of the opinion, however, that inasmuch as the usual mode of bearing wires is by means of poles, that the consent of the board of aldermen to the erection of neces-sary poles is fairly to be inferred from the language of the ordinance. This was the understanding and construction given to the ordinance by the department of public works, in the permission given by that board to erect poles and place wires thereon, &c. That construction appears also to have been given by the board of aldermen itself in the adoption of the ordinance of December 19, 1882.

Motion for *mandamus* denied, with ten dollars costs.